UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK WEIR, } | |
| } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. H-08-1789 |
| } | |
| TWIN CITY FIRE INSURANCE COMPANY, } | |
| } | |
| Defendant. } | |

## OPINION & ORDER

Pending before the Court is Defendant Twin City Fire Insurance Company's ("Twin City") Motion for Partial Summary Judgment (Doc. 9). Since this pleading, and the responsive pleadings thereto, have been filed, the Court has granted Plaintiff Mark Weir ("Weir") leave to file an amended complaint (Doc. 16), which dropped its claim for breach of contract. Twin City's Motion for Partial Summary Judgment (Doc. 9) is not rendered moot, however, because the amendment did not remove all claims addressed by the Motion for Summary Judgment, and those claims will be addressed.

Plaintiff Weir alleges in his amended complaint that he suffered personal injuries in an automobile accident on July 6, 2004, when his vehicle was struck by one driven by David Beckman (Beckman). Weir filed suit against Beckman, which suit was settled for the limits of Beckman's insurance policy, $100,000. Weir was covered by an insurance policy through Twin City for uninsured and underinsured motorist coverage (UM/UIM). On August 3, 2007, after providing Twin City with his medical treatment records, medical bills, and lost wage information, Weir demanded that Twin City tender its entire policy limits of $100,000 for UM/UIM. Weir alleges that in this correspondence with Twin City he outlined the facts of the

accident, informed Twin City that Beckman had admitted liability, and provided Twin City with additional medical records. Weir alleges Twin City did not respond to the demand.

Weir alleges that on September 16, 2007 he again demanded that Twin City tender policy limits and advised Twin City that it had failed to comply with the provisions of the Texas Insurance Code and Deceptive Trade Practices Act. Weir demanded additional damages under these statutes, including reasonable and necessary attorney's fees. Weir alleges that Twin City did not respond to its written demand and has not investigated or settled the claim.

Weir's amended complaint alleges (1) that he is entitled to UIM benefits from Twin City, (2) that Twin City has breached its common law duty of good faith and fair dealing by failing to conduct a prompt, fair, and reasonable investigation of his claim and failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when Twin City's liability became reasonably clear under the policy, (3) that Twin City committed unfair settlement practices in violation of Tex. Ins. Code, Section 541.003, and (4) that Twin City is guilty of deceptive trade practices in violation of Tex. Bus. Comm. Code, Section 17.50(a) because it violated Chapter 541 of the Texas Insurance Code.

Twin City's filed a Motion for Partial Summary Judgment, alleging that in order to establish a UIM claim, Weir must prove Beckman was at fault and that Weir incurred compensable damages in excess of Beckman's coverage. Because he has done neither, he is not entitled to UIM benefits and the extra-contractual "bad faith" claims.

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The substantive law governing the suit identifies the essential elements of the claims at issue and, therefore, indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert.*

*denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins*, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988).

There are really no genuine issues of material fact in dispute in this partial summary judgment motion. Twin City's motion is legal one.

Weir objects to the affidavit of Jose Falcon, the claim representative for Twin City, who was responsible for the case. Weir's objection is that Falcon's statement in his affidavit that Weir has "never presented Twin City with proof that the alleged tortfeasor is legally liable for a specified amount of damages that are in excess of the insurance maintained by the alleged tortfeasor," is conclusory, fails to have a proper factual foundation, contains a legal conclusion, and is an expert opinion, which Falcon is not qualified to render. (Doc. 10 at 1). Weir's objections to the affidavit are not well founded, and are overruled.

Weir maintains that all the proof he needs is to present his claim to Twin City, but Twin City's position is that Weir must establish legal entitlement to recovery from Twin City before Weir's claim is triggered. The policy under which Weir makes his claim for UIM reads, "We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured, or property damage caused by an accident." (Doc 9, Exhibit A1)

The Texas Supreme Court held in *Brainard v. Trinity Universal Ins. Co*., 216 S.W. 3d 809, 818 (Tex. Dec. 22, 2006):

> The UIM insurer is obligated to pay damages which the insured is "legally entitled to recover" from the underinsured motorist. . . . As discussed above, we have determined that this language means the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay. . . . Where there is no contractual duty to pay, there is no just amount owed.
>
> Of course, the insured is not required to obtain a judgment against the tortfeasor. . . . The insured may settle with the tortfeasor. . .and then litigate UIM coverage with the insurer. But neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the

> tortfeasor's liability insurance. . . .The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. . . .UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

The amendment of Weir's complaint implicitly acknowledges this holding by the Texas Supreme Court by dropping the contract claim. He has not presented to Twin City proof of his UIM claim, as contemplated by the Texas Supreme Court. Weir argues, however, that the extra-contractual claims are still valid and relies upon two opinions from the United States District Court for the Northern District of Texas, *Owen v. Employer's Mutual Casualty Co*., 2008 WL 833086 (N.D. Tex) and *Schober v. State Farm Mut. Automobile Ins. Co*., 2007 WL 2089435 (N. D. Tex.). In these cases the district judges recognized the Texas Supreme Court 's holding, but accepted the argument that even though the contract coverage had not been triggered, the plaintiff could possibily establish the extra-contractual bad faith claims after the UIM claims had been proved. The reasoning of these cases is that the bad faith claims are not dependent upon the UIM carrier's duty to pay benefits under the policy. These cases abated the bad faith claims pending establishment of the contractual claims.

The Court declines to follow the reasoning of *Owen* and *Schober*. These cases are not persuasive because they ignore the unique status of the UIM insurance contract. As quoted above, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist. Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Brainard* at 818. If there is no contractual duty to pay, Twin City cannot be in "bad faith," under common law or statute, for not paying. Twin City cannot be guilty of not performing a

proper investigation of his UIM claim because it is the trial of the UIM claim, at which it will be determined who was at fault and the amount of damages, that constitutes the investigation. Similarly, the argument that Twin City could be held liable for bad faith claim handling because it denied or postponed paying Weir's claim because it is clear that coverage has been triggered, fails.  Weir's reliance on *Universal Life Ins. Co. v. Giles*, 950 S.W. 2d 48, 56 (Tex. 1997), not a UIM case, is misplaced because until the conditions precedent to the existence of the duty to pay for coverage, there is no duty to pay.

Weir's reliance on *Progressive County Mutual Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) is also misplaced.  *Progressive* recognizes that in certain rare circumstances even where there is no coverage under the policy, an insurance company can be held liable for bad faith where the insurance company's "conduct was extreme and produced damages unrelated to and independent of the policy claim." *Id*.  Weir has made no allegations of this type, and it is not reasonable to find that awaiting trial of the facts concerning the vehicular accident that is the basis of a UIM claim is such extreme conduct.

In conclusion, the Court believes that the issues should be narrowed, and all extra-contractual claims should be dismissed. Weir may continue with his case for UIM benefits from Twin City by first seeking legal findings that Beckman, the driver of the other vehicle involved in the accident, is liable for damages which exceeded the amounts of insurance that he maintained.  If these findings are established, the claim for UIM under the Twin Policy may be asserted.   Accordingly,

It is hereby ORDERED that Defendant Twin City Fire Insurance Company's Motion for Partial Summary Judgment is GRANTED.  Plaintiff Mark Weir's claims for Breach of the Duty of Good Faith and Fair Dealing, Unfair Insurance Practices,, and Texas Deceptive Trade Practices Act are DISMISSED.

SIGNED at Houston, Texas, this 31st day of March, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE